# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| JUAN RAMIREZ, Individually and For Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>ALLIED INSULATION & SUPPLY, LLC,<br><br>    Defendant. | Case No. _____<br><br>Jury Trial Demanded<br><br>FLSA Collective Action<br>Pursuant to 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Juan Ramirez (Ramirez) brings this lawsuit to recover unpaid overtime wages and other damages from Defendant Allied Insulation & Supply, LLC (Allied) under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*.

2. Ramirez and the Putative Class Members (as defined below) regularly worked more than 40 hours a week.

3. But Allied did not pay them overtime.

4. Instead of paying overtime as required by the FLSA, Allied paid Ramirez and the Putative Class Members on a piece rate basis, paying them a set amount for each piece of insulation they installed with no overtime compensation.

5. Ramirez brings this collective action seeks to recover the unpaid overtime wages and other damages owed to him and the Putative Class Members.

### JURISDICTION & VENUE

6. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA, 29 U.S.C. § 216(b).

7. This Court has personal jurisdiction over Allied because Allied maintains its headquarters in Garland, Texas, which is in this District and Division.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Allied maintains its headquarters in Garland, Texas, which is in this District and Division.

## PARTIES

9. Ramirez worked Allied as an Installer from approximately March 2022 until December 2022.

10. Throughout his employment, Allied paid Ramirez on a piece rate basis, paying him a set amount for each piece of insulation he installed with no overtime compensation.

11. Ramirez's consent is attached as **Exhibit 1**.

12. Ramirez brings this action on behalf of himself and all other similarly situated workers who Allied paid on a piece rate basis with no overtime.

13. Allied paid each of these workers a set amount for each piece of insulation they installed and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in violation of the FLSA.

14. The collective of similarly situated employees or Putative Class Members sought to be certified is defined as:

> **All current and former employees of Allied Insulation & Supply, LLC who were paid on a piece rate basis at any time during the last three (3) years through the present ("Putative Class Members" or "Putative Class").**

15. Defendant Allied Insultation & Supply, LLC is a Delaware limited liability corporation that maintains its headquarters in Garland Texas.

16. Allied may be served with process by serving its registered agent: **C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201**.

**COVERAGE UNDER THE FLSA**

17. At all relevant times, Allied has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

18. At all relevant times, Allied has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

19. At all relevant times, Allied has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell phones, hand tools, hardhats, and personal protective equipment – that have been moved in or produced for commerce.

20. At all relevant times, Allied has had an annual gross volume of sales made or business done of not less than $1,000,000 each year.

21. At all relevant times, Ramirez and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

22. At all relevant times, Allied uniformly applied its piece rate pay practice to Ramirez and the Putative Class Members.

23. By paying Ramirez and the Putative Class Members on a piece rate basis, Allied violated (and continues to violate) the FLSA's requirement that it pay employees overtime compensation at 1.5 times their regular rates of pay for hours worked in excess of 40 in a workweek.

24. Allied's uniform compensation scheme of paying Ramirez and the Putative Class Members on a piece rate basis with no overtime is, in of itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

**FACTUAL ALLEGATIONS**

25. Allied bills itself as "DFW's leading residential and commercial insultation contractor."[1]

26. To complete its business objective and provide insulation services to its customers, Allied employs workers (including Ramirez and the Putative Class Members) to install insulation in residential and commercial properties across North Texas.

27. Allied pays these workers, including Ramirez and the Putative Class Members, on a piece rate basis, paying them a set amount per piece of insulation they installed with no overtime compensation.

28. These workers make up the proposed Putative Class.

29. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

30. For example, Ramirez worked for Allied as an Installer from approximately March 2022 until December 2022.

31. As an Installer, Ramirez installed and replaced insulation and related materials in residential and commercial properties in accordance with Allied's (and/or its clients') procedures and specifications.

32. Throughout his employment, Allied paid Ramirez on a piece rate basis, paying him a set amount per piece of insulation he installed with no overtime compensation when he worked in excess of 40 hours in a single workweek.

33. Allied uniformly paid Ramirez and the Putative Class Members under its piece rate pay scheme that deprives these employees of overtime pay at 1.5 times their regular rates of pay when they

---

[1] http://www.alliedinsulationinc.com/ (last visited February 16, 2023).

work in excess of 40 hours in a single workweek in violation of the FLSA.

34. This is despite Ramirez and the Putative Class Members regularly working over 40 hours a week.

35. For example, Ramirez typically worked 9-12 hours a day, for up to 6 days a week.

36. Thus, Ramirez typically worked 54-60 hours each week, far in excess of the 40-hour threshold for overtime pay.

37. Ramirez's schedule is typical of the Putative Class Members.

38. Ramirez and the Putative Class Members worked in accordance with the schedule set by Allied and/or its clients.

39. The hours Ramirez and the Putative Class Members worked are reflected in Allied's records.

40. Rather than receiving overtime pay at 1.5 times their regular rates as required by the FLSA, Allied only paid Ramirez and the Putative Class Members on a piece rate basis with no overtime.

41. Allied's piece rate pay scheme violates the FLSA because it deprives Ramirez and the Putative Class Members of overtime pay at 1.5 times their regular rates of pay for the hours they work in excess of 40 hours in a workweek.

42. Allied is aware, or should have been aware, that it was subject to the FLSA, including its overtime requirements.

43. Allied is aware, or should have been aware, that the FLSA required it to pay Ramirez and the Putative Class Members overtime pay at 1.5 times these employees' regular rates for all hours worked in excess of 40 hours per workweek.

44. Allied knew Ramirez and the Putative Class Members regularly worked more than 40 hours a week.

45. Allied knew, or showed reckless disregard for whether, Ramirez and the Putative Class Members were entitled to overtime under the FLSA.

46. In fact, Allied has been sued before for failing to pay employees overtime in violation of the FLSA. *See Bellamy v. Allied Insulation & Supply, Inc.*, No. 3:13-CV-3086 (N.D. Tex.).

47. Nonetheless, Allied did not pay Ramirez or the Putative Class Members overtime pay at 1.5 times these employees' regular rates for all hours worked in excess of 40 hours per workweek as required by the FLSA.

48. Allied knew, or showed reckless disregard for whether, the conduct described in this Complaint violated the FLSA.

49. Allied's failure to pay Ramirez and the Putative Class Members overtime compensation at the proper premium rates was neither reasonable, nor was Allied's decision not to pay these employees overtime at the proper premium rates made in good faith.

## COLLECTIVE ACTION ALLEGATIONS

50. Ramirez incorporates all preceding paragraphs and allegations.

51. Ramirez brings his FLSA claims as a collective action under § 216(b) of the FLSA, 29 U.S.C. § 216(b).

52. Numerous individuals were victimized by Allied's pattern, practice, and policy of paying employees on a piece rate basis with no overtime which is in willful violation of the FLSA.

53. Numerous other individuals, like Ramirez, indicated they were paid in the same manner and were not properly compensated for all hours worked in excess of 40 hours in a week as required by the FLSA.

54. Based on his experiences and tenure with Allied, Ramirez is aware that Allied's illegal piece rate with no overtime pay practice was likewise imposed on the Putative Class Members.

55. The Putative Class Members were all paid on a piece rate basis, in that Allied only paid

6

them a set amount per piece of insulation they installed with no overtime compensation.

56. Allied's failure to pay wages and overtime compensation at the rates required by the FLSA results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

57. The specific job titles or precise job locations of the Putative Class Members do not prevent collective treatment.

58. Ramirez has no interest contrary to, or in conflict with, the Putative Class Members.

59. Like each Putative Class Member, Ramirez has an interest in obtaining the unpaid overtime wages owed to them under federal law.

60. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

61. Absent this collective action, many Putative Class Members likely will not obtain redress of their injuries, and Allied will reap the unjust benefits of violating the FLSA.

62. Even if some of the Putative Class Members could afford individual litigation against Allied, it would be unduly burdensome to the judicial system.

63. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the class and provide for judicial consistency.

64. The questions of law and fact that are common to Ramirez and each Putative Class Member predominate over any questions affecting solely the individual members.

65. Among the common questions of law and fact are:

    a. Whether Allied uniformly and systemically paid Ramirez and the Putative Class Members on a piece rate basis with no overtime;

    b. Whether Allied's violations of the FLSA resulted from a continuing course of conduct;

      c. Whether Allied's decision to pay Ramirez and the Putative Class Members on a piece rate basis with no overtime was made in good faith; and

      d. Whether Allied's violations of the FLSA were willful.

66. Ramirez and the Putative Class Members sustained damages arising out of Allied's illegal and uniform pay policy.

67. Ramirez knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

68. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Allied's records, and there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective treatment.

69. Allied is liable under the FLSA for failing to pay overtime to Ramirez and the Putative Class Members.

70. Consistent with Allied's illegal pay policy, Ramirez and the Putative Class Members were not paid overtime compensation at 1.5 their regular rates of pay when they worked more than 40 hours in a workweek.

71. As part of their regular business practices, Allied intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Ramirez and the Putative Class Members.

72. Allied's illegal pay policy deprived Ramirez and the Putative Class Members of the premium overtime wages they are owed under federal law.

73. Allied is aware, or should have been aware, that the FLSA required it to pay Ramirez and the Putative Class Members overtime at 1.5 these employees' regular rates of pay for all hours worked in excess of 40 hours per workweek.

74. There are many similarly situated Putative Class Members who have been denied

overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

75. Notice of this lawsuit should be sent to the Putative Class Members pursuant to 29 U.S.C. § 216(b).

76. Those similarly situated workers are known to Allied, are readily identifiable, and can be located through Allied's business and personnel records.

### CAUSE OF ACTION
### FLSA VIOLATIONS

77. Ramirez realleges and incorporates by reference all allegations in preceding paragraphs.

78. Ramirez brings this claim as a collective action under the § 216(b) of the FLSA.

79. As set forth herein, Allied has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than 1.5 times the regular rates of pay for which they were employed.

80. Allied knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Ramirez and the Putative Class Members overtime compensation.

81. Allied's failure to pay overtime compensation to Ramirez and the Putative Class Members was neither reasonable, nor was the decision not to pay these employees overtime made in good faith.

82. Accordingly, Ramirez and the Putative Class Members are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their regular rates of pay, plus an equal amount as liquidated damages, as well as attorney's fees and costs.

### JURY DEMAND

83. Ramirez demands a trial by jury.

## RELIEF SOUGHT

WHEREFORE, Ramirez, individually, and on behalf of the Putative Class Members, seeks the following relief:

a. An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all Putative Class Members with instructions to permit them to assert timely FLSA claims in this action by filing their written consents;

b. A Judgment against Allied awarding Ramirez and the Putative Class Members all their unpaid overtime compensation and an equal amount as liquidated damages;

c. An Order awarding attorneys' fees, costs, and expenses;

d. Pre- and post-judgment interest at the highest applicable rates; and

e. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Michael A. Josephson*
    **Michael A. Josephson**
    Texas Bar No. 24014780
    **Andrew W. Dunlap**
    Texas Bar No. 24078444
    **JOSEPHSON DUNLAP LLP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    adunlap@mybackwages.com

    **Richard J. (Rex) Burch**
    Texas Bar No. 24001807
    **BRUCKNER BURCH PLLC**
    11 Greenway Plaza, Suite 3025
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

**ATTORNEYS FOR PLAINTIFF
& PUTATIVE CLASS MEMBERS**